COWART, Judge.
Defendant apparently had criminal charges pending against him in Texas and New Jersey when he negotiated a plea to two charges in Florida, and the plea agreement seemingly was to the effect that he would receive seven year concurrent sentences on each of the two Florida charges to run concurrent with the “charges in Texas and New Jersey.” By the plea agreement the state attorney represented that he had confirmed “this” with those *1233 states and would provide written confirmation from those states. The defendant was then sentenced in Florida on the two Florida charges with his sentences to begin immediately and he commenced serving his sentences here. Two years later the Florida prison authorities, under their rules, denied him participation in a work release program because of a detainer on him filed by the State of Texas. The defendant then filed a motion under Florida Rule of Criminal Procedure 3.850 to set aside or correct his Florida sentence, or, alternatively, to compel “the state attorney to furnish the court with written confirmation from Texas of the agreement that the Texas charges will run concurrent with those in Florida.”
Although both the state attorney and the defendant referred to the “charges” running concurrent it is rather obvious that they were concerned not with the Florida criminal charges running concurrent with charges in Texas and New Jersey but that the defendant’s Florida sentences would run concurrent with sentences imposed on the Texas and New Jersey charges. A careful reading will indicate that the original agreement was that the Florida charges [sentences] would run concurrent with the “charges” [sentences] in Texas and New Jersey, while in his 3.850 petition the defendant has reversed the terms of the agreement and alleged that the understanding was that the Texas charges [sentences] would run concurrent with those in Florida. There is a difference. If the agreement had been that the Florida sentences would only run concurrent with sentences to be imposed in Texas and New Jersey, the Florida sentences could not be made to commence and run until the sentences in Texas and New Jersey were imposed. Confusion of the state attorney and the defendant in referring to criminal charges when they meant sentences illustrates similar confusion in thinking. The trial judge imposing the second of two sentences effectively determines if the two sentences are to be served consecutively or concurrently because, as a practical matter, the first imposed sentence cannot be made to begin and run from some indefinite date in the future and, at the time the first sentence is imposed, the second sentence has not been imposed and, of course, the date it will commence to run has not yet been determined and is therefore indefinite.[1] In any event, the Florida trial court was not only entitled to, but had a duty to, impose a sentence on the defendant and it did all that it could do toward making the multi-state sentences run concurrently when it provided that the Florida sentence would commence immediately rather than upon the termination of any sentence resulting from the Texas and New Jersey charges.
At best the state attorney’s improvident agreement that the Florida sentences [or charges] would be concurrent with the “charges [sentences] in Texas and New Jersey”, has not been, and cannot be, breached until sentences are imposed in Texas and New Jersey and the defendant has not alleged that has yet occurred. If a defendant wants that done his remedy is provided by the Interstate Agreement on Detainers set forth in sections 941.45-941.-50, Florida Statutes, and particularly section 941.45(3)(a) which permits the defendant to request final disposition in a foreign state on any charges which are there pending and are the subject of a detainer upon him.
AFFIRMED.
DAUKSCH, J., concurs.
UPCHURCH, C.J., concurs in result only.

. Of course, if one judge knew he was going to impose both sentences or two judges coordinated their prospective actions, two sentences could be imposed in any order and assurance could be given that either would be made to run consecutive or concurrent with the other.